IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 1:11-CR-282 |
| ) | |
| YVONNE ANSAH OWUSU,  ) | 21 U.S.C. §§§ 952(a), 960(a)(1) and |
| ) | (b)(1)(A) |
| ) | |
| ) | Sentencing: October 21, 2011 |
| ) | |
| Defendant.  ) | The Honorable Liam O'Grady |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Neil H. MacBride, United States Attorney, and Jacquelyn Rivers, Special Assistant United States Attorney, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Guidelines, submits the following in support of its position on sentencing in the instant case. The United States has no objection to the guideline calculations contained in the Presentence Report (PSR). A sentence between 51 and 63 months is recommended by the Sentencing Guidelines and appropriately accounts for each of the factors set forth in 18 U.S.C § 3553(a). Accordingly, the government requests that this Court impose such sentence.

**I.     Background**

On May 29, 2011, the defendant arrived at Dulles International Airport (IAD) in Loudon Conty Virginia, in the Eastern District of Virginia from Accra, Ghana. Upon arrival at IAD airport, the defendant and her luggage were inspected by U.S. Customs and Border Protection (CBP) officers. During the secondary examination, the CBP officers discovered a bulge within the lining of the defendant's luggage. Upon further examination, CBP officers found concealed within the lining of the defendant's luggage two packages containing a brown powdery

1

substance that was determined to be heroin. The total weight of the heroin was approximately 3,309.2 grams. After the defendant was arrested, she told law enforcement officers that someone had delivered a suitcase to her at a hotel in Ghana and had told her that the suitcase contained on kilogram of heroin. The defendant also said that she had been told that she would be paid $15,000 to transport the suitcase containing heroin to the United States.

## II. Argument

Though the Sentencing Guidelines are advisory, courts must consider them when sentencing. *United States v. Booker*, 543 U.S. 220, 264 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines…[and] consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Section 3553 states that the court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, it states that the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). In this case, the defendant is eligible for the application of the "Safety Valve," as set forth in § 5C1.2 of the Sentencing Guidelines. The unrestricted guidelines range calls for 51 to 63 months of incarceration. A sentence within this range reasonably and appropriately accounts for the factors set forth in 18 U.S.C. § 3553(a), and the government respectfully asks the Court to impose such a sentence.

The sentencing factors specified by Congress support the imposition of 51 to 63 months of incarceration. There are several factors enumerated in 18 U.S.C. § 3553(a) that call for the imposition of a long period of incarceration, and several that merit leniency. The international trafficking of cocaine is a serious offense that imposes enormous pecuniary and non-pecuniary costs on society, both domestically and abroad. Congress has recognized this by imposing severe mandatory minimum sentences for narcotics distribution offenses involving cocaine. The sentence for this type of offense must be significant in order to reflect the serious nature of the conduct and to promote respect for the law. The sentence should also be significant in order to deter others who might transport illegal narcotics into this and other districts within the United States from abroad.

The factors set forth above, however, must be balanced against the defendant's clean criminal history, her acceptance of responsibility for her actions, and her rehabilitative potential. Taking these all of these sentencing factors into account, a sentence between 51 and 61 months of incarceration is sufficient, but not greater than necessary, to satisfy the goals of sentencing.

**III. Conclusion**

For the reasons stated, the United States asks this Court to impose a sentence between 51 and 63 months of incarceration.

        Respectfully submitted,

        NEIL H. MacBRIDE
        UNITED STATES ATTORNEY

By:         /s/
        Wade Weems
        Special Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314

Phone: (703) 299-3700
Fax: (703) 299-3980
Email: wade.weems2@usdoj.gov

Jacquelyn Rivers
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: Jacquelyn.rivers@usdoj.gov

## **CERTIFICATE OF SERVICE**

 I certify that on the 15th day of July, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to Defendant's counsel:

 John Iweanoge, Esq.
 1026 Monroe Street, N.W.
 Washington, DC 20017
 joi@iweanogesfirm.com


 I further certify that I will send a true and correct copy of the foregoing by electronic mail to the following:

 Tracey M. White
 U.S. Probation Officer
 Third Floor
 401 Courthouse Square
 Alexandria, Virginia 22314
 (703) 299-2300


             By:     /s/   
               Wade Weems
               Special Assistant United States Attorney
               Attorney for the United States
               United States Attorney's Office
               2100 Jamieson Avenue
               Alexandria, Virginia 22314
               Phone: (703) 299-3700
               Fax:  (703) 299-3980
               Email: wade.weems2@usdoj.gov