**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | **Criminal No: 1:11-CR-00282-LO** |
| | ) | **Sentencing: 10/21/2011** |
| **YVONNE OWUSU-ANSAH** | ) | **Judge: Liam O'Grady** |
| | ) | |
| **Defendant(s).** | ) | |
| _____ | ) | |

**POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS**

**COMES NOW**, Defendant, **YVONNE OWUSU-ANSAH**, by and through, John O. Iweanoge, II, and THE IWEANOGES FIRM, P.C., her attorneys, and submits this position of the defendant with respect to sentencing factors, pursuant to this Court's policy regarding procedures to be followed in Guidelines Sentencing, and in accordance with section 6A1.2 of the United States Sentencing Guidelines.

**FACTUAL CORRECTIONS/OBJECTIONS**

1.  Defendant has no objections and/or factual corrections to the Presentence Investigation Report.

**LEGAL CORRECTIONS/OBJECTIONS**

2.  The defendant has legal corrections and/or objections to the Presentence Investigation Report, *see Smith*, 27 F.3 at 649 (D.C. Cir. 1994); *Cassells*, 66 F.3d at 377 (4th Cir. 1995).

**ARGUMENT**

The United States Supreme Court has stated that a criminal sentence can have a variety of justifications, such as incapacitations, deterrence, retribution, or rehabilitation. *See Ewing v. California*, 538 U.S. 11, 123 S. Ct. 1179, 155 L.Ed.2d 108 (U.S. 03/2003; quoting from 1 W. Lafave & A. Scott, Substantive Criminal Law §1.5, pp. 30-36(1986)(explaining theories of punishment).

**Determining a Sentence after Booker**

As a result of the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738(2005), the sentencing guidelines are now "efficiently advisory" in all cases. Id at 757. The result is that a district court must now "consider Guidelines ranges, "but may "tailor the sentencing in light of other statutory concerns as well." Id.

Sections 3553(a)has been described in *Booker* and much *Post-Booker* case law as containing various "factors"-one of which is the Sentencing Guidelines and the guidelines range calculated pursuant to them-that must now be considered in determining a sentence. This is a potentially misleading over simplification. Section 3553(a) is actually comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of Section 3553(a), and the "factors" to be considered fulfilling that mandate. The sentencing mandate is an overriding principle that limits the sentence a court may impose.

 a. **The Section 3553(a) Sentencing Mandate: The "Parsimony Provision"**

The basic mandate and overriding principle of Section 3553(a) requires a district court to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553.

 a. retribution ("to reflect seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense");

 b. deterrence ("to afford adequate deterrence to criminal conduct");

 c. incapacitation ("to protect the public from further crimes of the defendant"); and

 d. rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

18 U.S.C. §3553(a)(2).

The sufficient-but-not-greater-than-necessary requirement has been described as the "parsimony provision." See, e.g. , *United States v. Brown*, F. Supp. 2d , 2005 WL 318701, at *6 (M.D. Pa. Feb. 10, 2005); see also *Bifulco v. United States*, 447 U.S. 381, 387 (1980) (explaining that statutory construction "rule of lenity" applies to sentencing statutes as well as to substantive criminal offense statutes). Critically, the parsimony is not just another "factor" to be considered along with the others set forth in Section 3553(a). Rather, it sets an independent upper limit on the sentence a court may impose.

    b.    **The Section 3553(a) Factors to be considered in complying with the sentencing Mandate**

In determining what sentence is sufficient but not greater than necessary to comply with the Section 3553(a)(2) purpose of sentencing, the court must consider several factors listed in Section 3353(a). These are(1)"the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the kinds of sentence available; (3)the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide resolution where applicable. 18 U.S.C. §3553(a)(1), (a)(3)-(7). Neither the statute itself nor Booker suggests that any one of these factors is to be given greater weight that any other factor. However, what is clear that all of these factors are subservient to Section 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

    **Application of the Section 3553(a) Principles and Factors of this Case**

Ms. Owusu-Ansah was convicted of Importation of Heroin in violation of 21 U.S.C. § 952(a), 960(a)(1) and (b)(1)(A). The probation officer prepared a Presentence Report ("PSR"). The officer set the total offense level at 24. That offense level when coupled with Ms. Owusu-Ansah's criminal history category of I results in advisory guideline imprisonment range of 51-63 months.

### A.     The Nature and Circumstances of the Offense

One of the factors the Court is directed to consider under Section 3553 is the nature and circumstances of the offense. Here, the nature and circumstances of Ms. Owusu-Ansah's minor role in the offense, and no prior contact with the Criminal Justice System, makes a lower than the low end Guideline and/or Statutory sentence reasonable in this case.

### B.     The Circumstances and History of the Defendant

Section 3553 also directs the Court to consider the circumstances and history of the Defendant when determining what sentence is appropriate. Ms. Owusu-Ansah who is in the United States legally as a resident alien, albeit is a deportable alien because of this felony conviction.

While Ms. Owusu-Ansah has maintained stable employment over a long period of time, good relationship with her family, however, she had minimal participation in this offense. This history of redeemable qualities should be considered when determining what sentence is reasonable under § 3553.

### C.     The Need to Avoid Unwarranted Sentencing Disparities

The need to avoid unwarranted sentencing disparities is another consideration under Section 3553. Imposition of a sentence inside the guideline range would in this instance increase sentence disparities among defendants with similar records found guilty of similar conduct, rather than avoid such disparity, as called for by USSG. Ms. Owusu-Ansah who is a permanent resident but not a citizen of the United States, and is subject to removal/deportation from the United States because of this conviction and as such will be incarcerated longer if sentenced within the Guidelines while she awaits deportation to her home country, Ghana.

A departure may be warranted if the defendant is a deportable alien. According to *United States vs. Renford George Smith*, 27 F. 3d 649 (D.C. Circuit 1994); *United States vs. Gideon Cassells*. 66 F.3d 377 (4th Cir. W.Va. 1995), a departure from the federal sentencing guideline may be warranted for a

deportable alien since a period of incarceration is harsher for illegal aliens as they are not entitled to privileges available to United States citizens, pursuant to the Bureau of Prison Guidelines.

The Federal Sentencing Guideline Manual Ch. 1, Pt. A. § 2 states that 'If…a particular case presents a typical features, the Act allows the court to depart from the guidelines and sentence outside the prescribed range."

In *Smith* 27 F. 3d at 655 the court held that "a downward departure may be appropriate where the defendant as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence."

Ms. Owusu-Ansah's status as a "deportable alien renders her ineligible for benefits of 18 U.S.C. § 3624(c), which directs the bureau of prisons, to the extent practicable, to assure that prisoners spend part of the last 10% of their sentences under conditions (possibly including home confinement) that will afford the prisoner a reasonable opportunity to adjust and prepare for reentry into the community. '*Id at 654*. The Bureau of Prisons regulations bar Ms. Owusu-Ansah (non-United States citizen) from assignment to a community corrections center except in what appear to be rare circumstances. See Federal Bureau of Prisons, Program Statement 5100.04: Security Designation and Custody Classification Manual, Ch. 2-9(June 15, 1992).*Id at 651*.

The Bureau of Prison policy will prevent Ms. Owusu-Ansah from being assigned to serve any part of her sentence in a minimum-security prison, unlike a United States citizen. Ms. Owusu-Ansah "a deportable alien will be assigned to a more drastic prison than otherwise solely because his escape would have the extra consequence of defeating his deportation." *Id at 655*. Therefore, Ms. Owusu-Ansah's status as a deportable alien would have clearly generated increased severity and thus a proper subject of a departure." *Id*. The court in *Cassells* 66 F. 3d 317, also indicated that the district court has discretion to depart from the Federal Sentencing guidelines based on the above mentioned reasons. *See also* 18 U.S.C. § 3553(f).

The Court is required to consider relevant policy statements of the Sentencing Commission. 18 U.S.C. § 3553(a)(5). The Court is required to avoid unwarranted disparities in imposing a sentence. 18 U.S.C. § 3553(a)(6). It is also required to impose a sentence that will promote respect for the law. *Id*. § 3553(a)(2)(A).

> D. **The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense, to Afford Adequate Deterrence, to Protect the Public from Future Crimes and to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment**

Some of the very statutory factors which are the ultimate guide to sentencing decisions post-*Booker* clearly argue in favor of less prison time, not more. With a defendant ultimately suffering from drug problems, for example, there is facially less need for the sentence imposed to protect the public from further crimes of the defendant, but to provide the defendant with needed educational or vocational or correctional training and/or treatment.

Nor can it promote respect for the law to give Ms. Owusu-Ansah a prison sentence that can quite credibly be viewed as greater than the sentence he likely would have received if there were no guideline as to his actual role in this offense. In light of the sentencing disparity outlined above, and the other factors outlined by section 3553 including the nature and circumstances of the offense/role and the character of Ms. Owusu-Ansah, the circumstances of this case, Ms. Owusu-Ansah requests that the Court sentence her lower than the low end of the Guidelines.

A sentence lower than the low end of the Guideline and/or Statute reflects the seriousness of Ms. Owusu-Ansah's minor role, while at the same time accounting for the circumstances surrounding this offense and her individual circumstances. A lower than the low end of the Guideline and/or Statutory sentence operates to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to protect the public and to provide Ms. Owusu-Ansah with needed educational or other correctional treatment and decrease the chances that she would return to Court, *albeit* there is a zero

to low risk of recidivism in light of her minor role in this offense.

Ms. Owusu-Ansah has already been incarcerated without bond since May 29, 2011. In terms of rehabilitation, Ms. Owusu-Ansah who has been separated from family has learnt her lesson from this case. There is already a strong deterrence value in the fact that Ms. Owusu-Ansah has already served about 6 months of any sentence imposed, with drug rehabilitation treatment.

Finally, the ends of justice will be served if Ms. Owusu-Ansah is sentenced lower than the low end of the Guideline and/or Statute.

## RESTITUTION/FORFEITURE

Restitution is not applicable in this case.

## FINE

The defense agrees with the finding that Ms. Owusu-Ansah does not have adequate resources to pay any fine or the cost of incarceration or supervision, upon release in light of his removal/deportation from the United States based on this conviction.

In terms of retribution, regarding this criminal act, it is safe to say that they are no identifiable victims that will be compensated through a restitution order by this Honorable Court.

Finally, there is no point in sentencing Ms. Owusu-Ansah over and above the guideline because she has not been found guilty of a traditional violent crime or potentially dangerous crime, but an addiction that escalated because it was not put in check, into importation of PWID Narcotics as a "mule".

> ... the Sentencing Guidelines do not displace the traditional role of the district court in bringing compassion and common sense to the sentencing process. ... In areas where the Sentencing Commission has not spoken ... district Courts should not hesitate to use their discretion in devising sentences that provide individualized justice". *U.S. v. Williams*, 65 F. 3d 301, 309-310 (2d Cir. 1995).

Under the above-described circumstances, "individualized justice" for Ms. Owusu-Ansah is a sentence below the low end of the guideline, with a period of supervised release.

## **FINE**

The defendant through counsel agrees with the PSR writer's conclusion that Ms. Owusu-Ansah does not have adequate resources to pay any fine or the cost of incarceration or supervision, in this case.

**WHEREFORE,** for all the above stated reasons and for such other reasons offered at the sentencing hearing, the Defendant, **YVONNE OWUSU-ANSAH**, respectfully requests that this Court make such requested findings and consider the combination factors that justify the requested sentence.

Respectfully submitted,

Yvonne Owusu-Ansah
Defendant by Counsel


THE IWEANOGES FIRM, P.C.

By: _____/S/_____
John O. Iweanoge, II
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017
Phone:  (202) 347-7026
Fax:     (202) 347-7108
Email:  joi@iweanogesfirm.com
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of October, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James P. Gillis, AUSA
United States Attorneys' Office
for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314

                                                                               /S/
                                              John O. Iweanoge, II
                                              IWEANOGE LAW CENTER
                                              1026 Monroe Street, N.E.
                                              Washington, DC 20017
                                              Phone: (202) 347-7026
                                              Fax:    (202) 347-7108
                                              Email:  joi@iweanogesfirm.com
                                              Attorneys for Defendant